✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
STEVEN GORDON CASPER
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    1:08 cr 127

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
   for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   under 18 U.S.C. § 924(c).
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
Date

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cr127

**UNITED STATES OF AMERICA,**

Vs.                                                                          **ADDENDUM TO**
                                                                             **DETENTION ORDER**

**STEVEN GORDON CASPER.**

_____

**I.   FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)**  the history and characteristics of the person, including--

     **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

     **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve charges of two counts of possession of a firearm having been previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). Both of these offenses involved a firearm and are considered to be crimes of violence in this district. U.S. vs. Redmond, 3:06cr92 and U.S. v. Allen, 409 F.Supp.2d 622 (Maryland, 2006).

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. The business owned by the defendant was the subject of a breaking and entering. The defendant called law enforcement to investigate the breaking and entering and law enforcement officers found a firearm in the defendant's business. Law enforcement later returned with a search warrant and seized the firearm. This evidence was presented in regard to the charges involving count two. The evidence involved in count one does not have great weight.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, self-employment of over ten years, financial resources and a long length of residence in the Town of Spruce Pine, Mitchell County burglary. The defendant has community ties. In regard to the defendant's history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Driving under the influence, FL | Unknown |
| Possession of marijuana, FL | 10/10/88 |
| Possession of alcohol, FL | 07/30/92 |
| Driving under the influence, FL | 12/16/94 |
| Driving while impaired, NC | 01/11/95 |
| Driving while impaired, motor boat or vessel, NC | 08/27/93 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Dealing in stolen property, FL | 10/10/88 |
| Shooting into an occupied dwelling, FL | 10/10/88 |
| Aggravated assault with a motor vehicle, battery of law enforcement officer, 3 counts of burglary, FL | 07/31/92 |
| Arson, FL | 09/26/90 |
| Obstruct or oppose an officer without violence, reckless driving, | |

    driving while license revoked, fleeing and eluding, aggravated assault
        with a motor vehicle, giving false information, FL        12/16/94
Possession of an altered or fictitious drivers license, NC        01/11/95
No operators license, fictitious information to an officer, NC        11/15/94
No operators license, NC        02/27/01

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to charges of driving under the influence on January 26, 1995 in Pinellas County, FL.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. Based upon the criminal record of the defendant which shows convictions for eight felonies and 19 misdemeanors, the release of the defendant would create a risk of harm or danger to any other person or the community. Additionally, the defendant's father testified that the defendant has been diagnosed as having ADHD and when the defendant does not take his medication the defendant becomes noncompliant with authority. Evidence was further presented that the defendant has not been taking his medication for some time. As a result, there has been shown by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. For the past 15 years the defendant has been residing in the Yancey/Mitchell county, NC area. The defendant is married and has four children and has been supporting his family through his work and employment.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

        Signed: January 20, 2009

        Dennis L. Howell
        United States Magistrate Judge