# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00122-MR
# (CRIMINAL CASE NO. 1:08-cr-00127-MR-1)

| | |
|---|---|
| STEVEN GORDON CASPER, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner Steven Gordon Casper's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] filed by appointed counsel, and the Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 3].

Petitioner seeks relief from his 180-month sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as an armed career criminal because he does not have three prior convictions for violent felonies within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Petitioner relies on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). For the reasons that follow, the motion to vacate will be granted.

I.   **BACKGROUND**

Petitioner was indicted on December 3, 2008, and charged with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Crim. Case No. 1:08-cr-00127-MR-1 ("CR"), Doc. 1: Indictment]. On February 6, 2009, Petitioner entered into a Plea Agreement, pursuant to which he agreed to plead guilty to one § 922(g)(1) count in exchange for the dismissal of the second count. [CR Doc. 8: Plea Agreement]. In the Plea Agreement, Petitioner explicitly agreed to waive his right to challenge his conviction or sentence on direct appeal or in any post-conviction proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 19].

The probation officer prepared a presentence report (PSR), recommending that Petitioner be sentenced as an armed career criminal based on eight prior Florida convictions: (1) a 1988 conviction for shooting at, within, or into a building; (2) three 1988 convictions for burglary; (3) a 1989 conviction and a 1994 conviction for aggravated assault[1]; (4) a 1990

---

[1] The PSR did not include the 1994 aggravated assault conviction among the list of predicate convictions which triggered application of the ACCA. [See id. at ¶ 28]. The probation officer did acknowledge elsewhere in the PSR, however, that this conviction also qualified as a predicate conviction under the ACCA. [Id. at ¶ 44].

2

conviction for arson; and (5) a 1991 conviction for battery of a law enforcement officer. [CR Doc. 13 at ¶¶ 28; 36; 38-39; 41-42; 44: PSR].

The probation officer calculated Petitioner's base offense level as 33 under U.S.S.G. § 4B1.4(b)(3)(B), based on his armed career criminal status. [Id. at ¶ 28]. With a three-level reduction for acceptance of responsibility, Petitioner's total offense level became 30. [Id. at ¶ 29].

Because most of Petitioner's prior convictions fell outside of the fifteen-year window used to compute criminal history points, see U.S.S.G. § 4A1.2(e), the probation officer determined that Petitioner had a total of one (1) criminal history point, which would have resulted in a criminal history category of I. [Id. at 50]. Due to the operation of the ACCA and U.S.S.G. § 4B1.4(c)(3), however, his criminal history category was determined to be category IV. [Id.]. A total offense level of 30 and a criminal history category of IV would have resulted in a Guidelines range of 135 to 168 months' imprisonment. Despite this recommended range, Petitioner's Guidelines sentence became 180 months' imprisonment pursuant to the mandatory minimum term prescribed by the ACCA. U.S.S.G. § 5G1.1(b). Absent the ACCA enhancement, Petitioner's total offense level would have been 11 (an adjusted offense level of 14 with a three-level reduction for acceptance of

responsibility), which would have resulted in a suggested Guidelines range of 8 to 14 months' imprisonment.

The Court sentenced Petitioner to 180 months' imprisonment. [CR Doc. 21: Judgment]. At the sentencing hearing, the Court noted that, but for the statutory mandatory minimum sentence required under the ACCA, "the defendant could probably be looking at a period of incarceration of less than a year" based on the Section 3553(a) factors. [CR Doc. 36 at 35-36: Sentencing Tr.]. Specifically, the Court observed at the sentencing hearing as follows:

> Under the circumstances of this case, particularly the fact that the predicate acts that we are talking about in this case are ones that were prior to the defendant's medical treatment for psychological issues, and that once he obtained treatment, those problems ceased; the fact that all the predicate acts are more than 15 years old, and but for the specific exception for [the] armed career criminal statute to [sic] the 15-year rule we would be looking at a charge with a total offense level of 11 and a criminal history category of I. That's Zone C. We're talking about something that the defendant would probably be looking at a period of incarceration of less than a year. On top of that, we have a situation here where the present crime, the one that is involved in this charge, was committed, really, based upon what may even have been a reasonable misapprehension of the effect of the restoration of his citizenship rights on the part of the defendant. With all of those factors together, I have to say I cannot reconcile 924(e) with the factors in Section 3553(a). They just — they don't match in this case. But, yet, the statute makes

4

> clear to me that it's 924(e) that prevails. It's the one that's mandatory.
>
> I will make a finding on the record that the sentence that I am required to impose in this case does not fulfill the factors of 3553(a), and, in fact, contravenes the purposes of sentencing as expressed in 3553(a).

[CR Doc. 36 at 35-36].

Petitioner appealed, but the Fourth Circuit granted the Government's motion to dismiss based on his appellate waiver. [CR Doc. 37: <u>United States v. Casper</u>, No. 10-4116 (4th Cir. 2010)]. Petitioner then filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the Court denied on the merits on September 10, 2014. [Civil No. 1:12-cv-00058-MR, Docs. 1, 24]. On May 4, 2016, the Fourth Circuit granted Petitioner's motion for authorization to file a successive § 2255 motion to raise his <u>Johnson</u> claim. [CR Doc. 44]. The present motion to vacate followed.

In the pending motion, Petitioner contends that, in light of <u>Johnson</u>, he no longer has three predicate convictions supporting his classification as an armed career criminal. Specifically, Petitioner contends that all of his Florida convictions, save for the arson conviction, no longer qualify as ACCA predicates. [Doc. 1 at 2]. Accordingly, Petitioner contends that he is entitled to be resentenced with the ACCA enhancement. [<u>Id.</u>]

The Government moves to dismiss Petitioner's motion, arguing that his Johnson claim (1) is barred by the appellate waiver set forth in his Plea Agreement; (2) is procedurally defaulted, as he failed to assert it on direct review; and (3) fails on the merits because his arson conviction and his two convictions for aggravated assault still qualify as predicate convictions under the ACCA. [Doc. 3].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime

punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

The Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Id., 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). The Supreme Court recently held Johnson retroactively applicable to claims

7

asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

As previously noted, the Government seeks to dismiss Petitioner's motion to vacate on three separate grounds. The Court will address each of the Government's arguments in turn.

**A.  The Government's Argument that Petitioner Waived his Right to Bring his Johnson Claim.**

The Government first contends that Petitioner knowingly and voluntarily waived in his Plea Agreement any right to challenge his sentence in a post-conviction proceeding except for claims of ineffective assistance or prosecutorial misconduct. Accordingly, the Government contends, Petitioner has waived any right to assert his Johnson claim.

Contrary to the Government's contention, the Petitioner's claim is not barred by his appellate waiver. While the Petitioner's Plea Agreement includes a waiver of all rights to appellate and post-conviction relief except on the grounds of prosecutorial misconduct and ineffective assistance of counsel, it is well-established that "a defendant could not be said to have waived his right to . . . review of a sentence imposed in excess of the maximum penalty provided by statute[.]" United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also United States v. Crisp, No. 2:14-cr-00023-MR, Doc. 9 at 6-7 (W.D.N.C. May 7, 2015) ("The language used in the

8

parties' Plea Agreement stipulating that the Defendant may only appeal on the grounds of ineffective assistance and prosecutorial misconduct is not comprehensively correct. In addition to these grounds, a defendant can never waive his right to appeal a claim that a conviction was obtained in violation of the Sixth Amendment right to counsel; or that a sentence was imposed in excess of the maximum penalty provided by statute; or that a sentence was based on a constitutionally impermissible factor such as race.") (internal citations omitted).

Here, without the ACCA enhancement, the Petitioner would have faced a statutory *maximum* sentence of 120 months. 18 U.S.C. § 924(a)(2). With the ACCA enhancement, however, the Petitioner faced a mandatory *minimum* sentence of at least 180 months. 18 U.S.C. § 924(e). If the Petitioner's ACCA enhancement is determined to be invalid, then the Petitioner received a sentence greater than the maximum sentence he could have faced otherwise. The appellate waiver set forth in the plea agreement, therefore, does not bar the Petitioner's present claim.

### B. The Government's Argument that Petitioner's <u>Johnson</u> Claim is Procedurally Defaulted.

The Government next argues that Petitioner's <u>Johnson</u> claim is subject to dismissal because he failed to raise such claim on direct review and he has not shown cause or prejudice to excuse that procedural default. In

support of this argument, the Government cites Whiteside v. United States, in which the Fourth Circuit noted that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review." 775 F.3d 180, 185 (4th Cir. 2014) (en banc).

It is well-established that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on collateral review only if the defendant can first demonstrate cause and actual prejudice or that he is actually innocent of the conviction he challenges. Bousley v. United States, 523 U.S. 614, 622 (1998); see also Trevino v. Thaler, 133 S. Ct. 1911, 1917 (2013) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.") (quoting Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012)). With respect to the cause-and-prejudice standard, a petitioner must demonstrate (1) the existence of cause for a procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010).

There are, however, exceptions to this cause-and-prejudice standard. In Reed v. Ross, the Supreme Court recognized three specific situations in which the novelty of a constitutional claim would operate as the functional

equivalent for "cause" relieving a defendant's failure to raise the issue directly:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overturn a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice this Court arguably has sanctioned in prior cases.

468 U.S. 1, 17 (1984) (internal citations, alterations, and quotation marks omitted). This case clearly falls within the first category of cases identified by Reed.

When Petitioner was sentenced in 2010, the Supreme Court had already rejected a vagueness challenge to the ACCA's residual clause in James v. United States, 550 U.S. 192, 210 n.6 (2007). The recent decision in Johnson expressly overruled James. Johnson, 135 S. Ct. at 2563 ("Our contrary holdings in James and Sykes are overruled."). Thus, under Reed, the decision in James excused Petitioner from having to raise a vagueness challenge to the ACCA's residual clause on direct appeal. See Reed, 468 U.S. at 17 ("By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that this Court has ultimately

11

adopted. Consequently, the failure of a defendant's attorney to have pressed such a claim before a state court is sufficiently excusable to satisfy the cause requirement."). In the wake of Johnson, several courts have applied Reed to find "cause" to excuse the procedural default of an unappealed Johnson claim. See United States v. Gomez, No. 2:04-cr-2126-RMP, 2016 WL 1254014, at *4 (E.D. Wash. Mar. 10, 2016); Cummings v. United States, No. 15-cv-1219-JPS, 2016 WL 799267, at *7 (E.D. Wis. Feb. 29, 2016); United States v. Dean, No. 3:13-cr-00137-SI, 2016 WL 1060229, at *6 (D. Or. Mar. 15, 2016). This Court agrees with those courts that have held that Petitioner's Johnson claim falls clearly within the first category of cases noted by Reed that constitute cause to excuse procedural default. Therefore, the Court finds that Petitioner has shown cause excusing his procedural default for failing to raise his Johnson claim in his prior proceedings.[2]

Further, Petitioner has demonstrated actual prejudice in that he received a mandatory minimum sentence in excess of the statutory maximum sentence he would have otherwise been subjected to without the

---

[2] The Government does not acknowledge Reed in its brief, relying instead solely on the general futility principle applied by the Fourth Circuit in Whiteside. Whiteside, however, is inapplicable to the present action, as that case addressed whether the petitioner was entitled to relief under the Fourth Circuit's decision in Simmons v. United States, 649 F.3d 237 (4th Cir. 2011) (en banc). The Supreme Court had never spoken on the contested legal issue addressed in Whiteside. As a result, the Reed exception was inapplicable and the case was controlled by the principle of general futility.

ACCA enhancement. As Petitioner has demonstrated both cause and actual prejudice for his failure to assert a challenge to his armed career criminal status on direct review, the Court concludes that his present claim has not been procedurally defaulted.

### C. The Government's Argument that Petitioner Is Not Entitled to Relief on the Merits of his Johnson Claim.

Finally, the Government argues that, regardless of Petitioner's appellate waiver and his procedural default, Petitioner is not entitled to relief because he still has three predicate felonies under the ACCA even after Johnson. Specifically, the Government contends that Petitioner's arson conviction and his two aggravated assault convictions still qualify as predicate felonies. While Petitioner does not contest that his prior conviction for arson is a valid predicate offense, Petitioner contends that his aggravated assault convictions no longer qualify as predicate convictions under the ACCA.

Under Florida law, aggravated assault is defined as "an assault: (a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith intent to commit a felony." Fla. Stat. § 784.021. In turn, an assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates

13

a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011.

The Florida statute, worded as it is, requires a "threat . . . to do violence . . . and doing some act which creates . . . fear." Id. It says nothing regarding physical force.[3] However, the "use, attempted use, or threatened use of *physical force*" is a necessary element of a predicate conviction under the "force clause" of the ACCA. Therefore, a violation of the Florida statute qualifies as an ACCA predicate only if violence *necessarily* requires physical force. The Fourth Circuit's holding in United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2015), indicates that it does not.[4] Moreover, as the Supreme Court noted in Castleman v. United States, the term "violence" can mean "even the slightest offensive touching." 134 S. Ct. 1405, 1411-13 (2014). Thus, Florida's use of the term "violence" to define assault, without

---

[3] Compare this statutory definition with common law assault under North Carolina law, which is defined as "an overt act or an attempt, or the unequivocal appearance of an attempt, with force *and* violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm." State v. Roberts, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967) (emphasis added); N.C. Pattern Jury Instructions 208.40 (defining simple assault under N.C. Gen. Stat. § 14-33(a)).

[4] The Court recognizes that Florida's assault statute has been upheld as an ACCA predicate in the Fifth, Sixth, Seventh, and Eleventh Circuit Courts of Appeals. See United States v. Pittro, NO. 14-6255, 2016 1719330, at *3 (6th Cir. Apr. 29, 2016) (collecting cases). These cases, however, do not apply any precedent similar to what we have in this Circuit in Torres-Miguel.

expressly or impliedly requiring an element of physical force, removes a conviction under that statute from service as a predicate felony for the purpose of § 924(e).

### D. Petitioner's Remaining Convictions

Petitioner also contends that his three 1988 Florida convictions for burglary, his 1988 Florida conviction for shooting into a building, his 1991 Florida conviction for battery of a law enforcement officer, and his 1989 Florida conviction for aggravated assault no longer qualify as ACCA predicates in light of Johnson.[5]

First, Petitioner's three convictions for Florida burglary do not qualify as ACCA predicates in light of Johnson. Florida's burglary statute "encompasses the curtilage of a structure and is therefore broader than the definition of generic burglary." United States v. Kirk, 767 F.3d 1136, 1140 (11th Cir. 2014), cert. granted and judgment vacated, 135 S. Ct. 2941 (2015); United States v. Ramirez, 708 F.3d 295, 305-07 (1st Cir. 2013). Before Johnson, such non-generic burglary offenses qualified as ACCA predicates solely by virtue of the now-void residual clause. Kirk, 767 F.3d at 1140-41;

---

[5] The Government does not address the validity of these predicate convictions in its motion to dismiss, relying instead on its waiver and procedural default arguments. While the Government's failure to address the merits of Petitioner's arguments does not entitle Petitioner to automatic relief, its failure in this way can be deemed a waiver of any substantive defenses to these arguments. See Mubang v. United States, No. DKC 06-1838, 2011 WL 3511078, at *4 & n.6 (D. Md. Aug. 9, 2011).

15

Ramirez, 708 F.3d at 305-07; see also United States v. Avila, 770 F.3d 1100, 1105 (4th Cir. 2014) (holding that a non-generic burglary offense satisfied the similarly worded residual clause of 18 U.S.C. § 16(b)). Accordingly, under Johnson, Petitioner's non-generic burglary convictions do not qualify as ACCA predicates. See United States v. Kirk, 636 F. App'x 548, 549 (11th Cir. 2016) (following GVR from Supreme Court in light of Johnson, agreeing with the government that Florida burglary convictions no longer qualify as ACCA predicates).

Petitioner's conviction for shooting into a building similarly no longer qualifies as an ACCA predicate. As Johnson has struck down the residual clause, this offense would qualify only if it satisfies the ACCA's force clause. The Fourth Circuit has concluded that a similar North Carolina offense — for discharging a firearm into an occupied building — does not satisfy the identically worded force clause of U.S.S.G. § 2L1.2. United States v. Parral-Dominguez, 794 F.3d 440, 445 (4th Cir. 2015). Accordingly, the Court concludes that Petitioner's conviction for shooting into a building no longer qualifies as an ACCA predicate.

Petitioner's Florida conviction for battery on a law enforcement officer also no longer qualifies as an ACCA predicate, as this offense does not satisfy the ACCA's force clause. A Florida battery requires only an unwanted

touching, whereas the force clause requires "*violent* force — that is, force capable of causing physical pain or injury." Johnson (2010), 559 U.S. at 140 (emphasis in original) (holding that a Florida battery does not satisfy the force clause). In light of Johnson, the Eleventh Circuit has held that a Florida battery on a law enforcement officer does not qualify as an ACCA predicate. United States v. Arroyo, No. 13-13809, 636 F. App'x 989, 2016 WL 80882, at *2 (11th Cir. Jan. 7, 2016).

Because none of Petitioner's prior convictions (save for the arson conviction) still qualify as ACCA predicates in light of Johnson, Petitioner does not have the three predicate felonies required for the application of the ACCA sentencing enhancement. Petitioner's motion to vacate his sentence will therefore be granted, and Petitioner will be resentenced without application of the minimum mandatory sentence under the ACCA.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate, denies the Government's motion to dismiss, and finds that Petitioner is entitled to resentencing.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **GRANTED**; the Government's Motion to Dismiss [Doc. 3] is **DENIED**; and Petitioner shall be resentenced in accordance with this Order.

An Order directing the return of Petitioner to this District for resentencing shall be entered contemporaneously with this Order.

**IT IS SO ORDERED.**

Signed: July 1, 2016

Martin Reidinger
United States District Judge